NORMAN FIDDELKE, an Infant, by His Guardian ad Litem, HERMAN FIDDELKE, et al., Respondents, v. JEAN FRENCH, Defendant, and JOHN R. BIRCHFIELD, Appellant. JEAN FRENCH, Respondent, v. JOHN R. BIRCHFIELD, Appellant. (Consolidated Appeals.) — Consolidated actions to recover damages for personal injuries alleged to have been sustained by plaintiffs French and Norman Fiddelke, and for medical expenses and loss of services by plaintiff Herman Fiddelke. The jury rendered verdicts in favor of plaintiffs against defendant Birchfield and in favor of defendant French against plaintiffs Fiddelke. Defendant Birchfield appeals from judgments dated January 28, 1953, and February 6, 1953, and from a judgment dated June 18, 1953, resettling the judgment dated February 6, 1953, *nunc pro tunc*. Resettled judgment dated June 18, 1953, unanimously affirmed, with costs. No opinion. Appeal from judgment dated February 6, 1953, dismissed, without costs. The judgment has been superseded by the resettled judgment. Appeal from judgment dated January 28, 1953, dismissed. · The judgment is not printed in the record. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

■

MARIO D. GIARDINO, INC., Respondent, v. BLIND BROOK APARTMENT CORP., Appellant.— On August 7, 1952, plaintiff's assignor contracted to buy, and defendant to sell, a vacant parcel of land in the village of Hempstead. The contract contained the usual clause requiring the seller to comply with " All notes or notices of violations of law or municipal ordinances, orders or requirements noted in or issued by the * * * Municipal Department having jurisdiction, against or affecting the premises at the date hereof ". On August 7, 1952, the village filed an order requiring the defendant to install curbs, gutters, concrete walks, and miscellaneous items in, upon and around the premises. The work was subsequently done by the village and plaintiff's property was assessed for $928.11, for which sum plaintiff demands judgment. The seller moved to dismiss the complaint for insufficiency on the ground that the clause in question required it to comply not with orders of, but only with violations of orders of, municipal departments, and further that the order was an assessment for improvements, which did not become a lien until filed, which was after the deed was delivered. The motion was denied and defendant appeals. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.